**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **THERESA HAHN** | : | Case No. 1:21-CV-718 |
| **10815 Charismatic Ln.** | : | |
| **Union, KY 41091** | : | Judge |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **SHEAKLEY UNISERVICE INC.** | : | |
| **One Sheakley Way** | : | |
| **Cincinnati, OH 45246** | : | |
| | : | |
| **Defendant.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Theresa Hahn, for her Complaint against Defendant Sheakley Uniservice Inc., states as follows:

### I.  PRELIMINARY STATEMENT

1. This is a civil rights action arising out of Plaintiff Theresa Hahn's employment with Sheakley Uniservice Inc.  Ms. Hahn alleges that she was unlawfully terminated because of her disability and because of her use of FMLA leave.

2. Ms. Hahn's claims arise under the Americans with Disabilities Act, the Family and Medical Leave Act, and the Ohio Civil Rights Act.

3. Ms. Hahn seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both her economic and non-economic injuries.  She also seeks liquidated and/or punitive damages, equitable relief in the form of reinstatement or front pay, and her reasonable attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by the ADA and FMLA. This Court may assume supplemental jurisdiction over Ms. Hahn's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as her federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## III. PARTIES

6. Plaintiff Theresa Hahn is a United States citizen and a resident of Union, Kentucky. Ms. Hahn was employed as a Handicap Coordinator at Sheakley Uniservice Inc.'s Cincinnati location.

7. Defendant Sheakley Uniservice Inc. ("Sheakley") is a corporation located in Cincinnati, Ohio. Sheakley is an "employer" as that term is defined in the Americans with Disabilities Act, the Family and Medical Leave Act, and the Ohio Civil Rights Act.

## IV. ADMINISTRATIVE HISTORY

8. On April 8, 2021, Ms. Hahn filed an administrative charge of discrimination against Sheakley with the Equal Employment Opportunities Commission (Charge No. 473-2021-2225). She alleged that she was discriminated against because of her disability and retaliated against for requesting reasonable accommodations. The EEOC issued a Notice of Right to sue on September 30, 2021.

9. Ms. Hahn has brought suit within 90 days of receiving the Notice of Right to Sue for her charge of discrimination.

## V. STATEMENT OF THE CASE

10. Sheakley hired Ms. Hahn in September 2018 as a Handicap Coordinator.

11. Ms. Hahn received satisfactory or better performance reviews.

12. Ms. Hahn suffers from essential hypertension and sleep apnea, which substantially limit the normal operation of her circulatory system and respiratory system. These impairments cause Ms. Hahn to experience intermittent headaches, nausea, vomiting, and shortness of breath. She also suffers from anxiety and depression, which substantially limit her brain function.

13. Ms. Hahn disclosed her conditions to her supervisor, Shelley Hensley, and Shannon Case, then a Human Resources Manager.

14. Throughout her employment, Ms. Hahn required leave on an intermittent basis due to her disabilities. Prior to becoming eligible for FMLA leave in September 2019, Sheakley made no accommodation for Ms. Hahn's absences occasioned by her disability and she was subject to discipline based on Sheakley's attendance policy.

15. Sheakley issued Ms. Hahn a verbal warning and a written warning for attendance in July and August 2019, respectively.

16. On or about December 9, 2019, Ms. Hahn suffered a hypertensive crisis while at work. Sheakley called an ambulance. Ms. Hahn's blood pressure was 193/137 and she was transported to Mercy Fairfield hospital.

17. Shortly thereafter, Ms. Hahn applied for intermittent FMLA leave for her hypertension. Sheakley approved that leave.

18. In March 2020, Ms. Hahn, like all Sheakley employees, began working at home. Later, she requested to continue working from home as an accommodation for her disability once other Sheakley employees returned to the worksite.

19. In early July 2020, Sheakley required Ms. Hahn to recertify her FMLA leave.

20. Ms. Hahn's physician timely certified her to take intermittent FMLA leave five to six times per month for a period of six months. Ms. Hahn's physician estimated that each episode would last one to two days. Ms. Hahn's physician identified hypertension and sleep apnea as the serious health conditions for which she could take leave.

21. On July 23, 2020, Ms. Hahn was evaluated in the emergency department at St. Elizabeth hospital for chest pain related to her hypertension. When Ms. Hahn was ready to return, Ms. Case told her that she could not return unless and until she obtained a medical note clearing her to return to work and placed her on an unpaid leave until she was able to secure a sufficient note.

22. On August 27, 2o20, Ms. Hahn notified her Ms. Hensley that she was ill and that she was having trouble connecting to Sheakley's network. Due to her sleep apnea, Ms. Hahn fell asleep shortly thereafter and slept through the work day. Because she was asleep, she was unable to notify Sheakley that day that she required FMLA leave.

23. The following day, August 28, 2020, Ms. Hahn notified Sheakley that she had not worked the day prior due to her sleep apnea and requested FMLA leave.

24. Sheakley denied Ms. Hahn FMLA leave because she did not request the leave before her shift, despite the fact that doing so was impossible because the need arose after her shift had started.

25. On August 31, 2020, Sheakley issued Ms. Hahn a final written warning for failing to report her need for FMLA leave before her shift began on August 27, 2020.

26. On September 1, 2020, Ms. Hahn began suffering from elevated pressure in one of her eyes, accompanied by blurry vision and light sensitivity. She was also suffering from

elevated blood pressure and a headache. She notified Sheakley of her symptoms and that she was going to seek immediate medical attention.

27. In response, Ms. Case told her that it did not "sound like this is related to your condition. If it is provide me with documentation indicating that."

28. Ms. Hahn informed Ms. Case that she believed that her eye issue was related to her hypertension and requested FMLA leave. She ultimately provided Ms. Case with a letter from the optometrist who treated her excusing her from work for the day.

29. Ms. Hahn's eye condition resulted in a continuing regimen of care in the form of prescription medication, as well as multiple visits with a healthcare provider over the course of the next 12 months.

30. Sheakley denied Ms. Hahn FMLA leave for her September 1 absence. It never notified her that the letter from the optometrist was insufficient to support her use of her existing FMLA leave related to her hypertension, nor did Sheakley seek certification from a healthcare provider for Ms. Hahn to take leave for her eye condition independent of her hypertension.

31. On October 1, 2020, Sheakley issued Ms. Hahn an annual performance review. She received average to exceptional scores in all categories except for those related to her attendance, dependability, and the quantity of the work she performed.

32. On October 27, 2020, Ms. Hahn notified Ms. Case that she required FMLA leave to undergo testing related to my sleep apnea. Ms. Case denied the request initially. After extensive, and at times antagonistic, discussion, Ms. Case acknowledged that Ms. Hahn's physician had certified her to take FMLA for sleep apnea.

33. On November 9, 2020, Ms. Hahn was unable to access Sheakley's network remotely. Ms. Hahn communicated with a coworker and supervisor about her trouble

connecting and attempted to diagnose the problem. She also worked on several tasks that did not require her to be logged into Sheakley's network. Shortly before noon, she was able to access Sheakley's network.

34. She learned that Sheakley had performed some system upgrades that day that had caused several people to have trouble connecting to the network. Sheakley's network problems continued for several days thereafter.

35. On November 13, 2020, Ms. Hahn was again unable to connect to Sheakley's network. She notified her supervisor, Ms. Hensley that she was having connection issues and was not feeling well. She asked to take a vacation day.

36. Ms. Hensley approved the vacation day. However, because Ms. Hahn only had seven hours of accrued vacation, she had to take one hour as unpaid leave.

37. Sheakley approved Ms. Hahn to take one hour of unpaid leave.

38. On November 16, 2020, Ms. Hahn's connection issues persisted. She once again notified Ms. Hensley. Ms. Hensley notified Ms. Hahn that she was out of the office but would have a conference with her the next day to diagnose the problem.

39. On November 17, 2020, Ms. Hahn joined the scheduled video conference that she had been told was to diagnose her connection problems. Instead, Sheakley terminated Ms. Hahn.

40. Sheakley informed Ms. Hahn that it was terminating her for not working on the morning of November 9, 2020; for the approved vacation day Ms. Hahn took on November 12, 2020; for the aforementioned absence on September 1, 2020, when she requested FMLA leave for her eye condition; and for an absence on July 27, 2020.

41. The acts and/or omissions of Sheakley were taken intentionally, maliciously, and purposefully, with a conscious disregard for Ms. Hahn's rights under federal and state civil rights laws.

42. As a direct and proximate result of Defendant's actions, Ms. Hahn has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to her professional reputation.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (42 U.S.C. § 12101 and Ohio Rev. Code § 4112.02)

43. Plaintiff incorporates paragraphs 1 through 42 as if fully rewritten herein.

44. Ms. Hahn suffers from several disabilities.

45. Ms. Hahn is qualified to perform the essential functions of her position with a reasonable accommodation. She requested several accommodations, including leaves of absence and to work from home.

46. Sheakley terminated Hahn because of her disabilities.

47. As a result of Sheakley's illegal actions, Ms. Hahn has suffered damages including lost wages and emotional distress.

48. Sheakley acted with malice and a conscious disregard for Ms. Hahn's federally protected rights.

### Count 2: Failure to Accommodate
### (42 U.S.C. § 12101 and Ohio Rev. Code § 4112.02)

49. Plaintiff incorporates paragraphs 1 through 48 as if fully rewritten herein.

50. Ms. Hahn suffers from several disabilities.

51. Ms. Hahn is qualified to perform the essential functions of her position with a reasonable accommodation.

52. Ms. Hahn requested several accommodations, including brief leaves of absence and to work from home.

53. Sheakley effectively denied Ms. Hahn these accommodations by taking punitive action against her for using them.

54. As a result of Sheakley's illegal actions, Ms. Hahn has suffered damages including lost wages and emotional distress.

55. Sheakley acted with malice and a conscious disregard for Ms. Hahn's federally protected rights.

### Count 3: Retaliation
### (42 U.S.C. § 12101 and Ohio Rev. Code § 4112.02)

56. Plaintiff incorporates paragraphs 1 through 55 as if fully rewritten herein.

57. Ms. Hahn engaged in protected activity when she requested several accommodations.

58. Sheakley knew of Ms. Hahn's protected activity.

59. Sheakley terminated Ms. Hahn.

60. There is a causal relationship between Ms. Hahn's request for, and use of, the accommodations and the adverse action.

61. As a result of Sheakley's illegal actions, Ms. Hahn has suffered damages including lost wages and emotional distress.

62. Sheakley acted with malice and a conscious disregard for Ms. Hahn's federally protected rights.

### Count 4: FMLA Interference
### (29 U.S.C. § 2601)

63. Plaintiff incorporates paragraphs 1 through 62 as if fully rewritten herein.

64. Ms. Hahn was eligible for FMLA leave.

65. Ms. Hahn was entitled to FMLA leave.

66. Ms. Hahn took FMLA leave on an intermittent basis.

67. Sheakley used Ms. Hahn's FMLA leave as a negative factor in the decision to terminate her employment.

68. As a result of Sheakley's actions, Ms. Hahn suffered damages, including lost wages and other economic harm.

69. Sheakley acted in bad faith.

## **PRAYER FOR RELIEF**

Wherefore, Ms. Hahn demands judgment against Sheakley Uniservice Inc. as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Hahn in an amount to be determined at trial, plus interest;

2. An award of liquidated damages in an amount equal to her economic damages and interest;

3. An award of compensatory damages for all non-economic damages suffered by Ms. Hahn in an amount to be determined at trial;

4. For an order reinstating Ms. Hahn to her previous position at Sheakley, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

5. For an award of punitive damages in an amount to be determined at trial;

6. For an award of Ms. Hahn's reasonable attorney fees and costs;

7. For an award of any other relief in law or equity to which Ms. Hahn is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com

*Attorney for Plaintiff Theresa Hahn*

## JURY DEMAND

Plaintiff Theresa Hahn demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)

10